## L. M. BARRIE v. NORTHERN ASSURANCE COMPANY.[1]

March 6, 1908.

Nos. 15,500—(227).

Action in the district court for Pine county to recover $1,000 upon a fire insurance policy. The case was tried before Stolberg, J., and a jury which returned a verdict in favor of plaintiff for $1,063.63. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*M. H. Boutelle* and *N. H. Chase*, for appellant.

*Thos. J. McDermott*, for respondent.

PER CURIAM.

This action was begun by respondent in the district court of Pine county to recover upon a policy of fire insurance issued by defendant and appellant. The answer admitted the issuance of the policy but traversed the allegations of the complaint with reference to the amount of loss and damage. By way of affirmative defense, it alleged that the condition in the policy—to the effect that the same should be void if the assured had, at the time of the issuance thereof, or should thereafter take, any other insurance on the property without assent—had been violated by the procurement by respondent of additional insurance without the consent of appellant, covering the principal item of property insured; and that said additional insurance was outstanding and constituted valid and subsisting insurance at the time of the fire. The reply admitted the procurement of the subsequent insurance but alleged that the same was made with the full knowledge and consent of appellant. The jury rendered a verdict for plaintiff for $1,063.63. This appeal was taken from an order denying a motion for a new trial.

It was stipulated by the parties that if the plaintiff was entitled to any amount, she was entitled to the full amount of the verdict, as rendered; and that the only question for consideration was whether the evidence justified the jury in finding that assent was given to the additional insurance. The only substantial question thus presented was one of fact. Plaintiff's testimony was not strong nor convincing but is shown by the record to have been sufficient to sustain the verdict within the familiar rule on that subject.

Affirmed.

[1] Reported in 115 N. W. 1132.